UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TERRY BALVIN,<br>Plaintiff,<br>vs.<br>BATTLE CREEK FARMERS COOPERATIVE, NON-STOCK,<br>Defendant. | 4:25-CV-04076-RAL<br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br>DOCKET NO. 22 |

**INTRODUCTION**

This matter is before the court on plaintiff Terry Balvin's complaint alleging defendant Battle Creek Farmers Cooperative, Non-Stock (Battle Creek), committed negligence and breached its contract with Balvin. See Docket No. 1. Jurisdiction is premised on the diverse citizenship of the parties and an amount in controversy in excess of $75,000. See 28 U.S.C. § 1332. Pending is plaintiff's motion to compel discovery from Battle Creek. See Docket No. 22. This motion was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). See Docket No. 26.

**FACTS[1]**

On May 12, 2025, plaintiff Terry Balvin filed a complaint against defendant Battle Creek alleging negligence and breach of contract arising from the defendant providing crop-spraying services for the plaintiff's crops during the growing season of 2022. See Docket No. 1. Balvin is a member of the defendant's farming cooperative and in the summer of 2022, the defendant sprayed plaintiff's corn and soybean fields. Id. at 2. Balvin alleges that Battle Creek failed to kill all the weeds and damaged the corn and soybean plants. Id. at 6.

Battle Creek admitted that when initially spraying the corn and soybean fields for Balvin in 2022, a section of the sprayer it used was intermittently not working. Docket No. 25-2 at 9.

Battle Creek's insurer sent an agronomist who inspected the fields for a claim made by Balvin. Docket No. 1 at 4. The insurer agreed there was weed damage but denied chemical damage. Id. Balvin and Battle Creek disagreed on the amount and types of damage to the fields. Id.

Balvin filed his first set of discovery requests on December 4, 2025. Docket No. 23 at 3. Battle Creek responded on January 2 and 5, 2026. Id. Balvin alleges that Battle Creek objected to several of the requests and withheld documents without providing a privilege log. Id. The parties met and

[1] Most of the following facts are taken from plaintiff's complaint merely to provide context for the discovery disputes. By reciting these facts from the complaint, the court implies no imprimatur of truth to them.

conferred several times in February and March regarding these discovery issues. Id. Balvin states that Battle Creek issued a privilege log on March 18, 2026. Id. at 3-4. When Balvin later revised an updated discovery production from Battle Creek, Balvin requested an updated privilege log to reflect an additional redaction. Id. at 4. It was not provided. Id.

Balvin served a second set of discovery requests on April 16, 2026. Id. Battle Creek refused to produce certain documents, communications, and records.[2] Id. At the end of May, Battle Creek agreed that information regarding other claims for 2022 was relevant and agreed to provide those claims. Docket No. 27 at 3. Those claims were produced in August. Id. Balvin was unable to resolve his disputes with Battle Creek, and filed this motion to compel.

## DISCUSSION

### A. Meet and Confer

Both Federal Rule of Civil Procedure 37(a)(1) and District of South Dakota Local Rule 37.1 require as a precondition to the filing of any discovery motion that the parties meet and confer and attempt to resolve their disputes without the court's intervention. Balvin has filed a certification pursuant to Rule 37(a)(1) attesting that he fulfilled this obligation before bringing this

[2] Some of the things not included were "custom application records from other spray jobs during the 2022 growing season from Farmers Pride, as well as communications, data and investigative information and reports from the agronomists employed by Farmers Pride and its liability insurer, Austin Mutual Insurance." Id.

motion. See Docket No. 24. Battle Creek does not dispute plaintiff's assertion. Docket No. 27 at 3.

**B. Scope of Discovery**

In a civil case, "'[b]road discovery' is the norm." Stecklein & Rapp Chartered v. Experian Info. Sols., Inc., 113 F.4th 858, 861 (2024) (quoting WWP, Inc. v. Wounded Warriors Fam. Support, Inc., 628 F.3d 1032, 1039 (8th Cir. 2011)). Under Federal Rule of Civil Procedure 26(b)(1)

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

See FED. R. CIV. P. 26(b)(1).

While "the standard for discovery is broader than for admissibility at trial, the requested information still has to clear a 'threshold…of relevance.' " Stecklein & Rapp Chartered, 113 F.4th at 861 (quoting Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992)).

The advisory committee's notes to the 2000 amendments to Rule 26(b)(1) help to define the threshold of relevance.

> The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action. The dividing line between information relevant to the claims and defenses and that relevant only to the subject matter of the action cannot be defined with precision. A variety of types of information not directly

> pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action. For example, other incidents of the same type, or involving the same product, could be properly discoverable under the revised standard.

See FED. R. CIV. P. 26(b)(1) advisory committee's note.

While it is true that "[a]ll discovery requests are a burden on the party who must respond thereto," "the general rule requires the entity answering or producing the documents to bear that burden" "[u]nless the task of producing or answering is unusual, undue, or extraordinary." Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (quotation omitted). As further explained by Federal Rule of Civil Procedure 26(b)(5)(A),

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

See FED. R. CIV. P. 26(b)(5)(A). "The mere statement that an interrogatory or request for production was overly broad, burdensome, oppressive, or irrelevant is not adequate to prevail on such an objection." Lindholm v. BMW of N. Am., LLC, No. 3:15-CV-03003-RAL, 2016 WL 452315, at *1 (D.S.D. Feb. 5, 2016).

Federal Rule of Civil Procedure 37(a)(3)(B) allows a party to "move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to

produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." See Fed. R. Civ. P. 37(a)(3)(B)(iii)—(iv).

### C. Application to Discovery Requests

#### 1. Interrogatory No. 12 & Request for the Production of Documents (RFP) 19: Identification of Other Complaints Made in 2022 Regarding Weed or Chemical Damage Due to Improper Chemical Application

In these two discovery requests, Balvin seeks facts and documents relating to any claims or complaints of weed damage or chemical damage in the year 2022 stemming from ineffective or defective chemical application to another person's crops. See Docket No. 25-5 at 2, 6-7. Battle Creek eventually produced discovery related to these claims in August of 2026. Docket No. 27 at 3. Balvin requests that the court compel defendant to "[s]erve a complete, verified supplemental answer to Interrogatory No. 12 (Second Set) and a written confirmation that production responsive to RPD 19 is complete." Docket No. 32 at 19.

Under the Federal Rule of Civil Procedure Rule 33(d) a party may provide an answer to an interrogatory by providing business records to the other party. See FED. R. CIV. P. 33. Nothing Balvin provided shows that this method of response was inadequate for their interrogatory. Federal Rule of Civil Procedure 26 creates an ongoing obligation for parties to supplement or fix its disclosures and responses if new material information comes to light. See FED. R. CIV. P. 26. Balvin provided no evidence that Battle Creek has attempted to

hide information; rather, Balvin has only demonstrated that Battle Creek has not timely complied with this discovery request. See Docket No. 32 at 3. Therefore, the Court will not compel defendant to provide written confirmation or an additional answer to Interrogatory No. 12. Battle Creek is reminded of its ongoing duty to supplement discovery responses if new responsive documents or information are subsequently discovered.

**2. RFP 13 & 14: Chemical Application Sheets for 2022 Growing Season**

These discovery requests are for the custom application documents specifically for the Avon location's sprayer in 2022. Docket No. 32 at 4. Balvin states the relevancy of the information sought is to show chemical damage could have occurred to Balvin's fields if chemical residue was left in the sprayer's tank, as Battle Creek denies causing chemical damage due to the misuse of other chemicals to Balvin's fields. Docket No. 23 at 10. Evidence of chemicals used previously in the sprayer is relevant to future chemical damage of other fields.[3]

Battle Creek makes three arguments about the relevancy of the information being sought. See Docket No. 29 at 4-7. It claims that this information does not show anything related to the cleaning of the tank, that none of the crops

[3] "Even a small amount of herbicide left in a sprayer tank can harm sensitive crops." Bayer CropScience Canada, *Sprayer Tank Clean-Out Tips* (May 7, 2019), https://www.cropscience.bayer.ca/articles/mix-it-up/sprayer-tank-clean-out-tips.

were tested for chemicals, and that Mr. Balvin's expert did not suspect tank contamination as causing damage to the fields. Id.

All three of Battle Creek's claims attack the *plausibility* of the evidence, not its relevance. Id. However much the evidence makes the plaintiff's claim more likely to succeed is a question of plausibility, not relevance. See M-I Drilling Fluids UK Ltd. v. Dynamic Air Inc., No. 14-CV-4857 (ADM/HB), 2015 WL 12976101, at *3 (D. Minn. Dec. 15, 2015) (explaining that the court does not need to find plaintiff's theory likely to be successful, only that the discovery requested is relevant).

Battle Creek cites Burke v. Ability Ins. Co. which says that "mere speculation isn't sufficient to establish that documents are discoverable." Burke v. Ability Ins. Co., 291 F.R.D. 343, 349 (D. S.D. 2013). However, Battle Creek failed to complete that quotation, which states that "litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case." Id. This was clearly done in this case as the request is relegated to one year, one location, and goes to a major aspect of the plaintiff's claim, which is that chemical damage was done to its fields.

Next, Battle Creek claims that the evidence requested is unduly burdensome. Docket No. 29 at 7. This is because Battle Creek is a small cooperative, it could take up to a week to review, and it must review the records in paper by hand because it stores its records by farmer. Id. However,

unless "the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." Continental Illinois, 136 F.R.D. at 684-85. Balvin cites Stedillie v. Milford Cas. Ins. Co., which says that little weight is given to self-imposed burdens when determining if the discovery of evidence is unduly burdensome. 2024 WL 449630, at *6 (D.S.D. 2024). Balvin correctly asserts that Battle Creek's burden of production due to a filing system with records being indexed by farmer rather than machine is its own self-imposed burden. Document No. 23 at 10.

"Because the interrogatories themselves are relevant, the fact that answers to them will be burdensome and expensive 'is not in itself a reason for refusing to order discovery which is otherwise appropriate.' " In re Folding Carton Antitrust Litigation, 83 F.R.D. 260, 265 (N.D. Ill.1979) (citation omitted). A full week of work for two employees to go through 4,000 pages is not in and of itself unduly burdensome, especially with the narrow scope of the plaintiff's request. See Document No. 29 at 7.[4]

Finally, Battle Creek claims the requested information is not proportional to the needs of the case because Dr. William Dyer, Balvin's liability expert, claims chemical damage did not occur because of the wrong herbicide contaminating

[4] In a different case the court required an insurance company to sort through or turn over 4,500 electronically stored complaints. See Kirschenman v. Auto-Owners Ins., 280 F.R.D. 474, 491 (D.S.D. 2012), objections overruled, No. CV 09-4190-KES, 2012 WL 13040020 (D.S.D. Apr. 18, 2012).

the tank. See Document No. 29 at 7-8. This is a plausibility argument that is entirely irrelevant to the issue of the proportionality of the information to the needs of the case. See FED. R. CIV. P. 26(b)(1). When one considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," the information sought is proportional. FED. R. CIV. P. 26(b)(1). The amount in controversy is substantial, only the defendant has access to the information, and the issue of chemical damage is important to the plaintiff's claim. Document No. 32 at 10.

### 3. Mr. Kladar's Report and File from the 2022 – 2023 Investigation

Balvin requests Mr. Kladar's report and file from the 2022 investigation into the damage of Balvin's fields.[5] Docket No. 32 at 11. Battle Creek argues that production of these documents is premature because Mr. Kladar is an expert, and expert disclosures are due on October 12, 2026. Docket No. 29 at 9. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." FED. R. CIV. P. 26(b)(3)(A). In its brief, Battle Creek claims that it "intends to identify Mr. Kladar as one of its experts…"

[5] Dr. Kladar is an agronomist working on behalf of Austin Mutual Insurance to assess the damage to Balvin's fields. See Document No. 1 at 4.

meaning that at the time in which Mr. Kladar was initially investigating the claim, he was not yet an expert witness. See Document No. 29 at 9.

Further, Mr. Kladar's report was not prepared in anticipation of litigation. The Eighth Circuit's test for whether a document was prepared in anticipation of litigation is whether "the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Simon v. GD Searle and Co., 816 F.2d 397, 401 (8th Cir. 1987). The converse of that rule is that "even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation." Id.

In relation to insurance claims, "[a]lthough some insurance claims require litigation, it does not necessarily follow that all claim-related documents prepared by an insurance company and its agents are prepared in anticipation of litigation. Roy v. D.J.L. Homes, Inc., No. CIV. 07-4087-KES, 2007 WL 8030880, at *6 (D.S.D. Dec. 18, 2007). Also, in general claim files "do not constitute work product in the early stages of investigation when the insurance company is primarily concerned with deciding whether to resist the claim, to reimburse the insured and seek subrogation, or to reimburse the insured and not pursue the claim thereafter." Id. In this case, Mr. Kladar prepared his report in 2022, years before potential litigation. See Docket No. 32 at 12-13.

Additionally, there are many reasons for Mr. Kladar having prepared this report outside of litigation concerns. The first being to see if a claim even

existed. See Docket No. 29 at 8. Another reason is to determine a possible payout. A third reason could be for purposes of a settlement. Battle Creek has not met its burden of proving that Mr. Kladar's report was prepared in anticipation of litigation. See Brown v. Nationwide Affinity Ins. Co. of Am., No. 4:17-CV-04176-LLP, 2018 WL 3748174, at *1 (D.S.D. Aug. 7, 2018) (showing when a party asserts work product protections, they must establish predicate that is necessary for the court to conclude that work product doctrine applies). Accordingly, the court orders Battle Creek to provide this requested discovery.

**4. Updated Privilege Log for all Withheld and Redacted Materials**

Balvin requests "an updated and complete privilege log accounting for all withheld and redacted materials, including the redaction on BATTLECREEK000428." Docket No. 32 at 17. Battle Creek has written nothing in response to this request. See Docket No. 29.

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material," that party is required to make the claim expressly as well as describe what is not being disclosed so the other party can assess that claim. FED. R. CIV. P. 26(b)(5)(A). Under Federal Rule of Civil Procedure 34(b)(2)(B), when discovery documents are withheld, the withholding party must "state with specificity the grounds for objecting to the request, including the reasons." Therefore, Battle Creek must provide an updated privilege log that accounts for all withheld and redacted materials.

**5. Sanctions**

Balvin requests as part of the remedy in granting their motion to compel that Battle Creek be required to pay its reasonable costs and attorney's fees. Federal Rules of Civil Procedure 37(a)(5) states that if a discovery motion is granted, “or if the disclosure or requested discovery is provided after the motion was filed” then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, the court must not provide this payment if the opposing party was substantially justified in not providing the movant what they requested.” Id.

For the first discovery request of facts and documents relating to any claims or complaints of weed damage or chemical damage in the year 2022 stemming from ineffective or defective chemical application to another person's crops, this information was provided to the movant after his motion had been filed. Even if Battle Creek is to be believed that it handed over all information relating to these claims as quickly as possible once it decided that Balvin should be supplied with this information, its refusal to do so in the first place has no substantial justification, and the information requested by Balvin would have been handed over much earlier if Battle Creek had initially complied with the request. The advisory committee’s notes to the 2000 amendments to Rule 26(b)(1) say that “[a] variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given

action. For example, other incidents of the same type, or involving the same product, could be properly discoverable under the revised standard." FED. R. CIV. P. 26(b)(1) advisory committee's note. The situation described in the advisory committee's notes is the exact situation here. Defendant's review of Rule 26 and its advisory notes should have put them on notice for their need to provide this requested discovery.

For the second set of discovery requests, relevant case law states that insurance companies, when acting in the ordinary course of business, do not create work product in anticipation of litigation. See Roy v. D.J.L. Homes, Inc., 2007 U.S. Dist. LEXIS 102847, at *16 (D.S.D. 2007). Therefore, there was no substantial justification in withholding Mr. Kladar's reports.

Finally, the Federal Rules of Civil Procedure clearly state a description with required specificity is needed when a party does not hand over discovery information pursuant to a claim of work product or attorney client privilege. See Fed. R. Civ. P. 26(b)(5)(A); Fed. R. Civ. P. 34(b)(2)(B). There is no other reason that an award of sanctions in this case would be unjust.

If Balvin wishes to have the court award attorney's fees, he shall file a motion seeking such relief within 21 days from the date of this order. Balvin's motion should include an itemized accounting of attorney and paralegal time spent on the motion, the hourly rate, information about the attorney and/or paralegal in support of the hourly rate. Battle Creek shall have 14 days after service of Balvin's motion to respond or object thereto.

## CONCLUSION

Based on the foregoing facts, law, and analysis, plaintiff's motion to compel [Docket No. 22] is granted in part and denied in part in accordance with this opinion.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections unless an extension of time for good cause is obtained. FED. R. CIV. P. 6(b)(1), 72(a). Failure to file timely objections will result in the waiver of the right to appeal this ruling. United States v. Becerra, 73 F.4th 966, 972-73 (8th Cir. 2023). Objections must be specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990).

DATED this 22nd day of September, 2026.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge